IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BONNIE FIGUERO                                              PLAINTIFF/COUNTER-DEFENDANT

VS.                                                                    CIVIL ACTION NO. 3:04CV929LS

PEPPERIDGE FARM, INC.                                  DEFENDANT/COUNTER-CLAIMANT

## ORDER

This matter came before the court on the Defendant's Motion for Leave to Reopen Discovery, which is opposed by the Plaintiff.  This case involves the termination of a distributorship agreement between the parties, allegedly because the Plaintiff's performance was deficient.  The asserted purpose of re-opening discovery is to inquire, though written discovery and deposition questions, as to the recent termination of a similar agreement between the Plaintiff's husband, Tomas Figuero, and Orowheat.  The Defendant argues that Tomas Figuero was actually the person who managed and operated the Plaintiff's distributorship, and, therefore, the circumstances of his termination from distributing Orowheat products would be relevant as to his habits or routines in operating the Pepperidge Farm distributorship.  The Defendant further argues that this discovery will not impact the pretrial or trial dates, as no dispositive motions are anticipated as a result.  The Plaintiff argues that there is no relationship between the two events and that the Defendant should be precluded from this inquiry.  The Plaintiff further opposes the discovery because no discovery was propounded on this issue prior to the discovery deadline, although the court notes that the termination took place after that date.

The court has reviewed the pleadings and is of the opinion that this Motion should be denied. Although the scope of discovery is broad, it extends only to matters "relevant to the claim or defense

of any party." Fed. R. Civ. P. 26(b). The connection between the termination of the Plaintiff from the agreement at issue in this case and the termination of the Plaintiff's husband from a different distributorship agreement over two years later is so attenuated that it could have, at best, marginal relevance. The court is of the opinion that this later event does not merit reopening discovery.

IT IS, THEREFORE, ORDERED that the Defendant's Motion for Leave to Reopen Discovery is hereby **denied**.

IT IS SO ORDERED, this the 9th day of March, 2006.

                                                S/James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE